Form 149

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Michael R. Daffern**
**Amy Jo Daffern**
   Debtor(s)

Bankruptcy Case No.: 16–20673–JAD
Issued Per Oct. 24, 2019 Proceeding
Chapter: 13
Docket No.: 95 – 87, 88
Concil. Conf.: at

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED**
**AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.)  PLAN CONFIRMATION:*

    IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated September 13, 2019 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☐ A.    For the remainder of the Plan term, the periodic Plan payment is amended to be $ as of . Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B.    The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐ C.    Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on at , in .* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D.    Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E.    The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F.     shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☑ G.    The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: M&T Bank at Claim No. 1 with payment changes implemented .

☑ H.    Additional Terms: Attorney fees are to be paid per Court Order of October 15, 2019 [Dkt. No. 49].

*(2.)*  ***IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:***

**A.**  **Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.**  **Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.**  **Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.**  **Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.**  **Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)* **IT IS FURTHER ORDERED THAT:**

**A.** After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.** Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.** Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty−one (21) days prior to the change taking effect.

**D.** Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016−1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.** The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre−confirmation defaults in any subsequent motion to dismiss.

**F.** In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any *secured claim* that is secured by the subject property, unless directed otherwise by further Order of Court.

Dated: October 28, 2019

<u>Jeffery A. Deller</u>
United States Bankruptcy Judge

cc: All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                          Case No. 16-20673-JAD
Michael R. Daffern                                              Chapter 13
Amy Jo Daffern
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0315-2          User: jhel                Page 1 of 2              Date Rcvd: Oct 28, 2019
                              Form ID: 149              Total Noticed: 22

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 30, 2019.
db/jdb         +Michael R. Daffern,    Amy Jo Daffern,    122 Giffin Avenue,    Pittsburgh, PA 15210-2359
aty            +The Debt Doctors at Quatrini Rafferty,    941 Penn Avenue,    Suite 101,
                 Pittsburgh, PA 15222-3843
aty            +The Debt Doctors, LLC,    607 College Street,    Suite 101,   Pittsburgh, PA  15232,
                 UNITED STATES 15232-1700
cr             +Ally Bank,    Tucker Arensberg, P.C.,    c/o Brett A. Solomon, Esquire,    1500 One PPG Place,
                 Pittsburgh, Pa 15222-5413
14200553        AES,    PO BOX 2461,   Harrisburg, PA 17105-2461
14236160       +Borough of Mt. Oliver,    c/o Goehring Rutter & Boehm,    437 Grant Street, 14th Floor,
                 Pittsburgh, PA 15219-6101
14236162       +Borough of Mt. Oliver/SD of the City of Pittsburgh,     c/o Goehring Rutter & Boehm,
                 437 Grant Street, 14th Floor,    Pittsburgh, PA 15219-6101
14187875        Centers for Rehab Services,    PO Box 536213,    Pittsburgh, PA 15253-5904
14200557       +Dr. Anne Chen,    2715 Brownsville Road,    Pittsburgh, PA 15227-2047
14217413        ECMC,   PO BOX 16408,    St Paul, MN 55116-0408
14261062       +MTGLQ Investors, LP,    c/o Rushmore Loan Management Services,    P.O. Box 52708,
                 Irvine, CA 92619-2708
14200561       +Weltman, Weinberg & Reis,    Koppers Building,    436 Seventh Avenue, Ste 2500,
                 Pittsburgh, PA 15219-1842

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr             +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Oct 29 2019 03:31:45
                 PRA Receivables Management, LLC,    PO Box 41067,    Norfolk, VA 23541-1067
14200554       +E-mail/Text: ally@ebn.phinsolutions.com Oct 29 2019 03:10:48     Ally Financial,
                 PO Box 130424,    Roseville, MN 55113-0004
14200556       +E-mail/Text: electronicbkydocs@nelnet.net Oct 29 2019 03:11:42
                 Department of Education/Nelnet,    3015 Parker Road, Suite 400,    Aurora, CO 80014-2904
14258887       +E-mail/Text: kburkley@bernsteinlaw.com Oct 29 2019 03:12:12     Duquesne Light Company,
                 c/o Peter J. Ashcroft,,    Bernstein-Burkley, P.C.,,    707 Grant St., Suite 2200, Gulf Tower,,
                 Pittsburgh, PA 15219-1945
14202179        E-mail/Text: camanagement@mtb.com Oct 29 2019 03:11:03     M&T Bank,    P.O. Box 840,
                 Buffalo, NY 14240-0840
14200558        E-mail/Text: camanagement@mtb.com Oct 29 2019 03:11:03     M&T Bank,    PO Box 62182,
                 Baltimore, MD 21264-2182
14413149        E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Oct 29 2019 03:31:30
                 Portfolio Recovery Associates, LLC,    PO Box 41067,    Norfolk, VA 23541
14200559       +E-mail/Text: bankruptcynotices@cbecompanies.com Oct 29 2019 03:11:57     The CBE Group,
                 1309 Technology Parkway,    Cedar Falls, IA 50613-6976
14209102       +E-mail/Text: electronicbkydocs@nelnet.net Oct 29 2019 03:11:42
                 U.S. Department of Education C/O Nelnet,    121 South 13th St, Suite 201,
                 Lincoln, NE 68508-1911
14200560       +E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Oct 29 2019 03:10:41
                 Verizon Wireless,    POB 25505,   Lehigh Valley, PA 18002-5505
                                                                                             TOTAL: 10

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              Borough of Mt. Oliver
cr              Duquesne Light Company
cr              M&T Bank
cr              MTGLQ Investors, LP c/o Rushmore Loan Management S
cr              School District of The City of Pgh.
14200555*       Centers for Rehab Services,    PO Box 536213,    Pittsburgh, PA 15253-5904
                                                                                TOTALS: 5, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 30, 2019                              Signature:  /s/Joseph Speetjens

```
District/off: 0315-2           User: jhel                  Page 2 of 2            Date Rcvd: Oct 28, 2019
                               Form ID: 149                Total Noticed: 22
```

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 28, 2019 at the address(es) listed below:
              Andrew F Gornall    on behalf of Creditor    M&T Bank andygornall@latouflawfirm.com
              Brett A. Solomon    on behalf of Creditor    Ally Bank bsolomon@tuckerlaw.com,
               agilbert@tuckerlaw.com
              Danielle  Boyle-Ebersole     on behalf of Creditor    MTGLQ Investors, LP c/o Rushmore Loan
               Management Services debersole@hoflawgroup.com,    pfranz@hoflawgroup.com
              James  Warmbrodt    on behalf of Creditor    M&T Bank bkgroup@kmllawgroup.com
              Jeffrey R. Hunt    on behalf of Creditor    School District of The City of Pgh. jhunt@grblaw.com,
               cnoroski@grblaw.com
              Jeffrey R. Hunt    on behalf of Creditor    Borough of Mt. Oliver jhunt@grblaw.com,
               cnoroski@grblaw.com
              Matthew M. Herron    on behalf of Attorney    The Debt Doctors at Quatrini Rafferty
               mmh@thedebtdoctors.com,   hgs@thedebtdoctors.com;alb@thedebtdoctors.com
              Matthew M. Herron    on behalf of Attorney    The Debt Doctors, LLC mmh@thedebtdoctors.com,
               hgs@thedebtdoctors.com;alb@thedebtdoctors.com
              Matthew M. Herron    on behalf of Joint Debtor Amy Jo  Daffern mmh@thedebtdoctors.com,
               hgs@thedebtdoctors.com;alb@thedebtdoctors.com
              Matthew M. Herron    on behalf of Debtor Michael R. Daffern mmh@thedebtdoctors.com,
               hgs@thedebtdoctors.com;alb@thedebtdoctors.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Peter J. Ashcroft    on behalf of Creditor    Duquesne Light Company pashcroft@bernsteinlaw.com,
               ckutch@ecf.courtdrive.com;acarr@bernsteinlaw.com
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
                                                                                             TOTAL: 13
```